DAN RAYFIELD
Attorney General of Oregon
BENJAMIN GUTMAN
Interim Deputy Attorney General
ROBERT A. KOCH
Assistant Attorney General
1162 Court St.
Salem, Oregon 97301
Telephone: (503) 378-4402

Counsel for Appellants

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL MANEY; GARY CLIFT; THERON HALL; DAVID HART; SHERYL LYNN SUBLET; FELISHIA RAMIREZ; MICAH RHODES; GEORGE NULPH, | |
| Plaintiffs-Appellees, | U.S.C.A. No. 24-2715 |
| v. | |
| STATE OF OREGON; COLETTE PETERS; HEIDI STEWARD, Acting Director; MIKE GOWER; MARK NOOTH; ROB PERSSON; JOE BUGHER; GARRY RUSSELL, | MOTION TO STAY MANDATE |
| Defendants-Appellants. | |

Under Federal Rule of Appellate Procedure 41(d), Defendants-Appellants move to stay the mandate pending the filing of a petition for a writ of certiorari. This Court issued its decision on June 30, 2025. Defendants timely filed a petition for panel rehearing or rehearing en banc, which the Court denied on September 5, 2025. Absent a stay, the Court's mandate will issue on or after September 12, 2025. Fed. R. App. P. 41(b); 9th Cir. R. 41-2.

Page 1 - MOTION TO STAY MANDATE
RAK:mkf\998563675

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

For the reasons discussed below, a stay of the mandate is warranted. A petition for a writ of certiorari will raise substantial questions of law, and there is good cause for a stay. In addition, the petition will not be frivolous or filed for purposes of delay. Plaintiffs-Appellees take no position on the motion.

## BACKGROUND

This case is a class action for damages over the COVID-19 pandemic. Defendants comprise seven central leaders of the Oregon Department of Corrections during the onset of the pandemic. Plaintiffs represent a class of thousands of adults in custody (AICs) who tested positive for the virus between March 2020 and May 2022. They contend that defendants' overall response to the pandemic across all state prisons constituted cruel and unusual punishment under the Eighth Amendment, as well as negligence under state law.

As pertinent here, the district court denied defendants' motion for qualified immunity on plaintiffs' Eighth Amendment claim for damages. The district court first ruled that plaintiffs alleged a cognizable right under the Eighth Amendment. The court found that, objectively, overall state policies and practices that create a risk of exposure to COVID-19 violate the Eighth Amendment. (1-ER-66–67). Subjectively, the court found that defendants had to take "reasonable measures to abate the COVID-related risk of harm to Plaintiffs" and, thus, "it is a question for the jury whether Defendants' COVID

Page 2 - MOTION TO STAY MANDATE
RAK:mkf\998563675

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

mitigation measures in ODOC institutions, viewed as a whole and in the context of other available mitigation measures, were reasonable." (1-ER-60–61). The court also ruled that plaintiffs' asserted right was clearly established at the time of the conduct at issue sufficient to defeat qualified immunity. (1-ER-76). Specifically, the district court reasoned that defendants were on notice that they had to provide reasonable "protection from heightened exposure to a serious communicable disease." (1-ER-76–79).

This Court affirmed the denial of qualified immunity in an unpublished memorandum disposition. Op. 1–7. First, the Court held that plaintiffs had alleged a violation of the Eighth Amendment. Op. 2, 7. Objectively, the Court construed plaintiffs' claim as "the same conditions of confinement claim" as *Hampton v. California*, 83 F.4th 83 F.4th 754 (9th Cir. 2023), where this Court held that exposing an AIC to COVID-19 early in the pandemic constituted an objectively, sufficiently serious deprivation. Op. 5 (citing *Hampton*, 83 F.4th at 766). Subjectively, the Court held that deliberate indifference was required to state a claim and, further, that plaintiffs' allegations amounted to deliberate indifference, where plaintiffs alleged deficient statewide policies on an array of pandemic response measures. Op. 6. The Court thereby concluded that a jury would have to resolve the dispute of fact over the overall reasonableness of the state's pandemic response across all state prisons. Op. 6–7.

Page 3 - MOTION TO STAY MANDATE
RAK:mkf\998563675

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

Second, the Court held that the requisite contours of plaintiffs' asserted right were clearly established at the time of the conduct at issue to put defendants on notice that the alleged conduct would violate the Constitution. Op. 6. The Court reasoned that "'all reasonable prison officials would have been on notice in 2020 that they could be held liable for exposing inmates to a serious disease, including a serious communicable disease,' like COVID-19." Op. 6–7 (quoting *Hampton*, 83 F.4th at 770).

Defendants petitioned for rehearing. Dkt. 52. The Court denied the petition. Dkt. 53. Defendants now intend to petition for a writ of certiorari.

## ARGUMENT

A stay of the Court's mandate is warranted while defendants petition for a writ of certiorari from the Supreme Court . FRAP 41 allows the Court to stay the mandate pending the filing of a certiorari petition. To warrant a stay, a party must make two showings: "that the petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). The Court's standard for granting such a stay is lenient. In particular, the Court "often" stays the mandate pending certiorari, as parties "need not demonstrate that exceptional circumstances justify a stay." *United States v. Pete*, 525 F.3d 844, 851 & n.9 (9th Cir. 2008) (quoting *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528–29 (9th Cir. 1989)). Both requirements are satisfied here.

Page 4 - MOTION TO STAY MANDATE
RAK:mkf\998563675

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

## I. The petition will present substantial questions of law.

Defendants' certiorari petition will present substantial questions of law. Defendants are entitled to qualified immunity unless: (1) plaintiffs allege a violation of a cognizable Eighth Amendment right, and (2) the contours of the right were clearly established by case law at the time of the conduct at issue to put defendants on notice that their conduct would be unlawful. Op. 4. The Court held that plaintiffs satisfied both prongs. Op. 7. At a minimum, each presents a substantial question of law with far-reaching implications for which there is no existing, direct Supreme Court precedent.

Plaintiffs' claim is novel. As framed by the district court, plaintiffs advance a singular Eighth Amendment claim for a "reasonable" implementation of "COVID mitigation measures in ODOC institutions, viewed as a whole and in the context of other available mitigation measures," for the first 2 ½ years of the pandemic. (1-ER-61). Such an omnibus claim runs headlong into other constitutional principles. The Eleventh Amendment bars damage claims against states for the sufficiency of overall state policies and practices. *Peralta v. Dillard*, 744 F.3d 1076, 1084 (9th Cir. 2014) (en banc). Additionally, under the separation of powers, "'the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial,'" particularly amidst "the exigencies of a global

Page 5 - MOTION TO STAY MANDATE
RAK:mkf\998563675

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

pandemic." *Fraihat v. ICE*, 16 F.4th 613, 643 (9th Cir 2021) (quoting *Bell v. Wolfish*, 441 U.S. 520, 548 (1979)).

To be sure, defendants are mindful that the Court held that the existence of such a claim was controlled by *Hampton*. Op. 5. Even so, the scope and import of the Court's Eighth Amendment holding are nevertheless substantial.

In *Hampton*, an individual AIC sued the state officials who orchestrated a botched prison transfer that exposed him to COVID-19. 83 F.4th at 770–71. *Hampton* relied on *Helling v. McKinney*, 509 U.S. 25, 35 (1993), in which an individual AIC sued the state officials who allowed his cellmate to smoke continuously. 83 F.4th at 765–66 (analyzing *Helling*). Both cases presented an individual AIC suing for damages over the reasonableness of an identified exposure at an identified time and place.

By contrast, plaintiffs' claim here is different in kind. They seek damages not for any identified exposure, but for the state's overall management of the *risks* of exposure over 2 ½ years and across 14 different facilities, which resulted in thousands of different exposures at different times in different places. The net effect of the Court's decision is to constitutionalize every state's response to a pandemic. Defendants are not aware of any case anywhere—until this one—in which a court recognized a singular Eighth Amendment claim on behalf of thousands of AICs for the reasonableness of

Page 6 - MOTION TO STAY MANDATE
RAK:mkf\998563675

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

systems-level prison management across time and place. Even if *Hampton* dictated that result in this Court, it presents a substantial legal question for the Supreme Court to resolve.

The Court's holding on clearly established law similarly poses a substantial legal question. To defeat qualified immunity, the law must be so clear "that every reasonable official would interpret it to establish the particular rule the plaintiff[s] seeks to apply." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). The doctrine "gives government officials breathing room to make reasonable but mistaken judgments." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)). Consequently, "the clearly established law must be 'particularized' to the facts of the case." *White v. Pauly*, 580 U.S. 73, 79 (2017) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Here, the Court's decision involves the question of how particularized existing case law must be to put reasonable state prison officials on notice that challenged conduct would violate the law. As discussed, plaintiffs charge defendants with marshalling an unreasonable pandemic response in the aggregate, based on alleged deficiencies in state policies on masking, mixing, testing symptomatic AICs, testing asymptomatic AICs, quarantining, social distancing, and even MERV-13 filtration in HVAC units. *See* Op. 6. The

Page 7 - MOTION TO STAY MANDATE
RAK:mkf\998563675

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

Court held that defendants were on notice that they could be liable if plaintiffs were exposed to COVID-19 in their care, which sufficed to defeat qualified immunity. Op. 6–7. Whether that precept is sufficiently particularized to the facts of this case to provide the requisite fair notice presents, at a minimum, a substantial question of law. That is particularly so given that the Supreme Court has repeatedly reminded this Court "not to define clearly established law at a high level of generality." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (per curiam) (quoting *City & Cnty. of S.F. v. Sheehan*, 575 U.S. 600, 613 (2015)); *see id.* (citing cases of the Supreme Court summarily reversing this Court).

In sum, this case raises important and far-reaching legal questions about (1) whether AICs can advance an omnibus claim under the Eighth Amendment for a reasonable pandemic response in the aggregate, and (2) how particularized existing caselaw must be to put state officials on notice about how to respond to such disease outbreaks for purposes of qualified immunity. Until this case, no court had ever recognized an omnibus damages claim for exposures that happened at different times in different places involving different people, much less held that any such right was clearly established for purposes of defeating qualified immunity. This case thus raises substantial questions of law that warrant review by the Supreme Court.

Page 8 - MOTION TO STAY MANDATE
RAK:mkf\998563675

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

## II. There is good cause for a stay.

This case also presents good cause for a stay, and defendants' petition will not be frivolous or filed for purposes of delay. It would waste judicial and party resources to proceed to trial on a damages theory and claim under the Eighth Amendment, the viability and sufficiency of which the Supreme Court may review. At the same time, any prejudice to plaintiffs from a stay would be minimal. Before the district court, the parties jointly moved for a stay of the trial proceedings pending the final resolution of this appeal, recognizing that "there should be a single trial in this matter, thereby avoiding unnecessary duplication of work by the Court, its staff, the attorneys in this matter, the parties and witnesses, and jurors." (ECF 645 at 2). That remains true today.

## CONCLUSION

The Court should stay issuance of the mandate pending the filing of a petition for a writ of certiorari.

Respectfully submitted,

DAN RAYFIELD #064790
Attorney General
BENJAMIN GUTMAN #160599
Interim Deputy Attorney General

/s/ Robert A. Koch
ROBERT A. KOCH #072004
Assistant Attorney General
robert.a.koch@doj.oregon.gov

Attorneys for Defendants-Appellants
State of Oregon, et al.

Page 9 - MOTION TO STAY MANDATE
RAK:mkf\998563675

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

# CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2025, I directed the Motion to Stay Mandate to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/  Robert A. Koch
_____
ROBERT A. KOCH  #072004
Assistant Attorney General
robert.a.koch@doj.oregon.gov

Attorney for Defendants-Appellants
State of Oregon, et al.

Page 10 -   MOTION TO STAY MANDATE
            RAK:mkf\998563675

Department of Justice
1162 Court St NE
Salem, OR  97301
(503) 378-4402